**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROLANDO R. JIMENEZ <br> c/o 1825 K Street NW, Suite 750 <br> Washington, DC 20006 <br><br> Plaintiff, <br><br> v. <br><br> KEVIN McALEENAN, ACTING SECRETARY, <br> DEPARTMENT OF HOMELAND <br> SECURITY, <br> Washington, DC 20528 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, ROLANDO JIMENEZ, by undersigned counsel, alleges as follows:

## **NATURE OF THE CASE**

1. Plaintiff has worked for Defendant for more than two decades. Plaintiff has always excelled in his position, and received excellent performance evaluations. But soon after Plaintiff engaged in protected EEO activity in 2012, the Agency retaliated against Plaintiff and subjected him to a retaliatory hostile work environment by setting him up for failure, refusing to set his performance objectives, refusing to allow him to grow in his role, and refusing to promote him despite nearly a dozen applications.

2. Plaintiff brings this action to recover damages for Defendant's willful violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*

1

## JURISDICTION AND VENUE

3. This Court maintains federal question jurisdiction pursuant to 28 U.S.C. § 1331 and Title VII.

4. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because Defendant is located in the District of Columbia and committed the unlawful employment actions in this judicial district.

## THE PARTIES

5. Plaintiff works as an Immigration Officer in the Fraud Detection National Security Headquarters of the U.S. Citizenship and Immigration Services ("USCIS"). During the relevant time period, he was Defendant's employee within the meaning and entitled to the protections of Title VII.

6. Defendant Kevin McAleenan is the Acting Secretary of the Department of Homeland Security, the parent agency of USCIS. During the relevant time period, Defendant was Plaintiff's employer, within the meaning and subject to the requirements of Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff exhausted his administrative remedies pursuant to 29 C.F.R § 1614.

8. This Complaint stems from three separate agency actions.

### *Complaint 1 – Agency No. HS-CIS-01143-2013*

9. Plaintiff timely requested EEO counseling on his retaliation claims.

10. On April 19, 2019, the EEOC Office of Federal Operations issued its final decision (Agency No. HS-CIS-01143-2013).

11. Plaintiff timely files this Complaint within 90 days of receiving the OFO decision.

*Complaint 2 - Agency No. HS-CIS-01031-2014*

12. Plaintiff timely requested equal employment opportunity ("EEO") counseling on his failure to promote claims, alleging discrimination based on race and retaliation under Title VII.

13. On April 11, 2019, the EEOC Office of Federal Operations issued its final decision (Agency No. HS-CIS-01031-2014).

14. Plaintiff timely files this Complaint within 90 days of receiving the OFO decision.

*Complaint 3 – Agency Nos. HS-CIS-01146-2017, HS-CIS-01953-2017*

15. Plaintiff timely requested EEO counseling on his hostile work environment and wrongful suspension claims, alleging retaliation under Title VII.

16. On April 16, 2019, the Agency issued a Final Agency Decision on Plaintiff's claims (Agency Nos. HS-CIS-01146-2017, HS-CIS-01953-2017).

17. Plaintiff timely files this Complaint within 90 days of receiving the Final Agency Decision.

## FACTS

*Plaintiff began working for Defendant in 1996.*

18. Plaintiff is Hispanic. He was born in the Dominican Republic and grew up there.

19. At all relevant times, Defendant was aware of Plaintiff's race because he has a recognizable Hispanic name and a strong accent.

20. In 1996, Plaintiff began working for Defendant's predecessor agency, Immigration and Naturalization Service.

21. In June 2006, Plaintiff became an Immigration Officer in the Fraud Detection National Security Headquarters of USCIS.

22. Plaintiff has always excelled in his job, and consistently receives excellent performance evaluations.

23. Plaintiff engaged in protected EEO activity in or around 2012 after the Agency denied him multiple promotion opportunities because of his race and subjected him to a discriminatory hostile work environment.

24. Plaintiff's supervisors during the relevant time period are aware of his EEO activity because they were interviewed as part of Plaintiff's 2012 EEO complaint.

### Agency EEO Complaint No. HS-CIS-01143-2013
(February 2013 – November 2013)

25. From February 2013 through November 2013, Defendant subjected Plaintiff to unlawful retaliation based on his prior EEO activity and a retaliatory hostile work environment.

26. On or about February 20, 2013, Plaintiff learned that Defendant uploaded a memo into his Electronic Official Personnel File (eOPF) that falsely stated that a Performance Plan and Appraisal could not be completed for FY 2012 and would be delayed.

27. The lack of a performance plan impaired Plaintiff's ability to work toward measurable goals and receive a favorable performance rating during the performance period.

28. In March 2013, Defendant denied Plaintiff a bonus for his performance during the 2012 Fiscal Year.

29. Defendant's conduct with regard to Plaintiff's performance was severe and pervasive. Plaintiff was in great distress when he was required to work without a performance plan.

*The Agency denied Plaintiff numerous promotion opportunities.*

Supervisory Immigration Services Officer, GS-1801-13 (VAN: CIS-820062-D09)

30. Plaintiff applied for the Supervisory Immigration Services Officer position numerous times and was well-qualified for the positions, but Defendant did not select him.

31. On March 5, 2013, Plaintiff became aware that he had not been selected for the position located in Miami, Florida.

32. On March 14, 2013, Plaintiff became aware that he had not been selected for the position located in Hileah and Oakland Park, Florida.

33. Defendant retaliated against Plaintiff for engaging in protected EEO activity.

Overseas Adjudication Officer, GS-1801-13 (VAN: CIS-793-849-0VS)

34. Plaintiff applied for the Overseas Adjudication Officer positions numerous times and was well-qualified for the positions, but Defendant did not offer him an interview and did not select him for the positions.

35. On April 25, 2013, Plaintiff became aware that he had not been selected for the position located in Athens, Greece.

36. On April 25, 2013, Plaintiff became aware that he had not been selected for the position located in Bangkok, Thailand.

37. On April 25, 2013, Plaintiff became aware that he had not been selected for the position located in Lima, Peru.

38. On April 25, 2013, Plaintiff became aware that he had not been selected for the position located in Manila, Philippines.

39. On April 25, 2013, Plaintiff became aware that he had not been selected for the position located in Moscow, Russia.

40. Defendant retaliated against Plaintiff for engaging in protected EEO activity.

*The Agency continued to subject Plaintiff to a retaliatory hostile work environment.*

41. Between September 11, 2013, and January 12, 2014, the Agency continued to subject Plaintiff to a severe and pervasive retaliatory hostile work environment when Defendant refused to provide Plaintiff with a mid-cycle review for FY 2013.

42. Defendant's refusal to provide Plaintiff with a timely mid-cycle review impaired his ability to measure his performance at the mid-year point.

43. Defendant's refusal to provide Plaintiff with a mid-cycle review caused him significant distress.

44. On information and belief, similarly-situated employees who did not engage in EEO activity were treated more favorably than Plaintiff in this regard.

45. Defendant also attempted to incorrectly enforce Agency policies in an attempt to single out Plaintiff and harass him.

46. For example, during this time period, Defendant demanded that Plaintiff leave his worksite immediately after his shift ended.

47. Plaintiff was not aware of any agency policy requiring him to leave his worksite immediately after his shift ended.

48. Plaintiff requested that Defendant send him an applicable agency policy, and Defendant responded by chastising Plaintiff for contacting upper-level management.

49. Defendant further retaliated against Plaintiff when, on or about September 5, 2013, management extended the Acting Chief of the Screen Coordination's (SCO) detail beyond the accustomed 30-day rotation period in order to deny Plaintiff the opportunity to gain experience operating in a GS- 15 level position.

50. On November 12, 2013, Plaintiff received a performance appraisal of "Achieved Expectations."

51. Plaintiff's performance during the period was exceptional, and Defendant's lower rating of Plaintiff's performance was retaliatory.

**Agency EEO Complaint No. HS-CIS-01031-2014**
(February 2014 – March 2014)

52. From February 2014 through March 2014, Defendant discriminated against Plaintiff based on his race (Hispanic) and in unlawful retaliation for his prior EEO activity.

53. On February 11, 2014, Plaintiff became aware that he had not been selected for the position of Supervisory Immigration Officer, GS-1801-15, located in Washington, DC, as advertised under Vacancy Announcement CIS-979314-FDS.

54. Plaintiff was well-qualified for the position and appeared on the certificate of eligibles, but he was not offered an interview.

55. On February 12, 2014, Plaintiff became aware that he had not been selected for the position of Supervisory Immigration Officer, GS-1801-15, located in Washington, DC, as advertised under Vacancy Announcement CIS-984726-FDS.

56. All three interviewees, including the selectee, were white and had never engaged in protected EEO activity.

57. Plaintiff was more qualified than the selectee.

58. On February 21, 2014, Plaintiff became aware that he had not been selected for the position of Supervisory Immigration Officer, GS-1801-15, located in Washington, D.C. as advertised under Vacancy Announcement CIS-986969-FDS.

59. Plaintiff was well-qualified for the position and appeared on the certificate of eligibles, but was not offered an interview.

60. The selectee was white and had never engaged in protected activity.

61. On March 6, 2014, Plaintiff became aware that he had not been selected for the position of Immigration Officer advertised under Vacancy Announcement CIS-1001059-FDS-D09.

62. Plaintiff was well-qualified for the position, was included on the certificate of eligibles, and was offered an interview.

63. However, Plaintiff learned that the Acting Branch Chief, against whom Plaintiff had recently filed an EEO complaint, was on the interview panel for the position.

64. Plaintiff knew that he would not have a fair shot at the position, and requested that the Agency remove the Acting Branch Chief from the interview panel.

65. The Agency declined, and Plaintiff withdraw himself from consideration, knowing that undergoing the interview process would not be fruitful because of the Acting Branch Chief's inclusion on the panel.

66. The Agency's decision to include the Acting Branch Chief on the panel was retaliatory.

**Agency EEO Complaint Nos. HS-CIS-01146-2017; HS-CIS-01953-2017**
(March 2017 – July 2017)

67. Defendant's ongoing retaliatory hostile work environment continued from March through July 2017.

68. On March 6, 2017, Defendant suspended Plaintiff without pay for three days based on false and contrived allegations.

69. From April 20, 2017, to July 19, 2017, Defendant subjected Plaintiff to a retaliatory hostile work environment by unfairly scrutinizing Plaintiff's work, micromanaging him, and setting him up for failure by changing his performance expectations.

70. For example, in June 2017, Defendant changed Plaintiff's performance expectations without notice, by analyzing the number of cases completed and closed as a new performance measure.

71. Defendant used this new performance measure to single out Plaintiff and set him up for failure.

72. Specifically, Defendant over analyzed and scrutinized Plaintiff's work, making it harder for Plaintiff to timely complete cases, thereby affecting his performance pursuant to the newly implemented standards.

73. For example, in July 2017, Plaintiff completed an assignment and submitted it to his three managers for review.

74. Plaintiff's managers scrutinized the draft, returning dozens of alleged "corrections."

75. These edits were unnecessary and inaccurate, and were intended to make it appear that Plaintiff could not do his job.

76. The edits far exceeded edits to his colleagues' work.

77. The unnecessary and inaccurate edits impaired Plaintiff's ability to excel under the new performance objectives.

78. In spring 2017, Defendant also denied Plaintiff's request to change his cubicle.

## COUNT 1

*(Title VII—Race Discrimination)*

79. Plaintiff repeats and realleges each Count of the Complaint, as if fully set forth herein.

80. By and through its conduct, Defendant violated Title VII.

81. Defendant acted with malice or reckless indifference to Plaintiff's rights.

82. As a result, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits; mental anguish; emotional distress; and pain and suffering.

## COUNT 2
*(Title VII—Retaliation for Prior EEO Activity)*

83. Plaintiff repeats and realleges each Count of the Complaint, as if fully set forth herein.

84. By and through its conduct, Defendant violated Title VII.

85. Defendant acted with malice and reckless indifference to Plaintiff's right.

86. As a result, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits; mental anguish; emotional distress; and pain and suffering.

## COUNT 3
*(Title VII – Hostile Work Environment)*

87. Plaintiff repeats and realleges each Count of the Complaint, as if fully set forth herein.

88. By and through its conduct, Defendant violated Title VII.

89. Defendant acted with malice or reckless indifference to Plaintiff's rights.

90. As a result, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits; mental anguish; emotional distress; and pain and suffering.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts contained in the Complaint.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant on all Counts and award Plaintiff compensatory damages in the amount of $300,000, or in an amount to be determined at trial, for pain and suffering and emotional distress; pre- and post-judgment interest; taxes on any award; costs; attorney's fees; and any such other relief as is just and proper.

Dated: July 10, 2019                                      RESPECTFULLY SUBMITTED,

                                                          Alan Lescht & Associates, P.C.
By:                                                       */s/*_____
                                                          Krista Wallace (#1048017)
                                                          Rani Rolston (#974052)
                                                          1825 K Street NW, Suite 750
                                                          Washington, DC 20006
                                                          Tel: (202) 463-6036
                                                          Fax: (202) 463-6067
                                                          rani.rolston@leschtlaw.com
                                                          krista.wallace@leschtlaw.com
                                                          *Attorney for Plaintiff*